UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIA FISHER,

    Plaintiff,                                        Case No. 06-15369

v.                                                  HONORABLE DENISE PAGE HOOD

MICHIGAN DEPARTMENT
    OF CORRECTIONS,

    Defendant.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**I.    Introduction**

This is an action for money damages under 42 U.S.C. § 1981 of the Civil Rights Act of 1866 which prohibits, *inter alia,* employment discrimination on the basis of race. Plaintiff, an African American female, had previously been an employee with the Michigan Department of Corrections, spanning from the period of 1980, until her termination in December of 2002. Plaintiff gave a sandwich to a prisoner after returning from a transportation run. (Plaintiff's Complaint, ¶ 3) Plaintiff was charged with various rule violations and a disciplinary conference was held on October 29, 2002. (Plaintiff's Complaint, ¶¶ 17-18) Plaintiff was dismissed from employment on December 3, 2002. (Plaintiff's Complaint ¶ 19).

Defendant has made a Motion to Dismiss stating that Plaintiff's Complaint should be dismissed pursuant to FRCP 12(b)(1), (2), and (6), alleging that it is barred by the Eleventh

Amendment to the United States Constitution. Plaintiff also claims that the Complaint should be dismissed as Defendant failed to file her Complaint within the three-year limitations period applicable to a claim brought pursuant to 42 U.S.C. § 1981.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(2) provides for a motion to dismiss for lack of personal jurisdiction. Granting the Motion to Dismiss made pursuant to FRCP 12(b)(2) for lack of personal jurisdiction is "proper if all the specific facts which the plaintiff alleges collectively fail to state a prima facie case for jurisdiction." *Compuserve, Inc. V. Patterson*, 89 F.3d 1257 (6th Cir. 1996).

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of the plaintiff's Complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). A court takes the factual allegations in the Complaint as true when evaluating the propriety of dismissal under Fed. R. Civ. P. 12(b)(6). *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001); *Hoeberling v. Nolan*, 49 F. Supp.2d 575, 577 (E.D. Mich. 1999). Further, the court construes the complaint in the light most favorable to the plaintiff, and determines whether it is beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001).

## III. Law & Analysis

Defendant claims Plaintiff's complaint should be dismissed because it is barred by the Eleventh Amendment of the United States Constitution, and because Plaintiff failed to file the Complaint within the three-year limitations period applicable to a claim brought pursuant to 42

U.S.C. § 1981. Because this Court finds that the claim is barred by the Eleventh Amendment of the United States Constitution, it will be unnecessary to rule on whether the applicable statute of limitations is in fact three years.

As stated prior, granting the Motion to Dismiss made pursuant to FRCP 12(b)(2) for lack of personal jurisdiction is "proper if all the specific facts which the plaintiff alleges collectively fail to state a prima facie case for jurisdiction." *Compuserve, Inc. V. Patterson*, 89 F.3d 1257 (6th Cir. 1996). The Sixth Circuit Court of Appeals has determined that Eleventh Amendment immunity should be treated like personal jurisdiction. *Ku v. Tennessee*, 322 F.3d 431, 432-35 (6th Cir. 2003). In the present action, the Plaintiff is attempting to pursue a claim against the MDOC, a state of Michigan governmental entity, in federal court, seemingly in contradiction of Eleventh Amendment immunity principles. Plaintiff argues against Eleventh Amendment immunity by claiming that Congress intended to abrogate the states' immunity by amending § 1981 of the 1866 Civil Rights Act in 1991. Plaintiff then points to language added in the year 1991 to the Civil Rights Act, language that states "The rights protected by this section are protected against nongovernmental discrimination and impairment under color of State law" in support of her claim that the Eleventh Amendment immunity being waived.

Plaintiff is correct in asserting that Congress may abrogate the states' sovereign immunity if it has unequivocally expressed its intent to abrogate the immunity and has acted pursuant to a valid exercise of power. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114 (1996). Congress' intent to abrogate the states' Eleventh Amendment immunity from suit must be obvious from a clear legislative statement; this rule arises from a recognition of the important role played by the Eleventh Amendment and the broader principles that it reflects. *Id.* General authorization, however, for suit in federal court is not the kind of "unequivocal statutory

language" sufficient to abrogate state's sovereign immunity under Eleventh Amendment. *Id.* Congress may abrogate the states' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute. *Id.* In this case, there is no "clear language" found in § 1981 that allows for a state to be sued in federal court, therefore stripping this Court of the personal jurisdiction necessary to hear the claim.

In *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 107 S.Ct. 2941 (1987), a case Plaintiff relies upon, the Court found that even assuming that Congress can abrogate the Eleventh Amendment when it acts pursuant to the commerce clause, it must express its intent to do so in unmistakable language in the statute itself. The type of unequivocal expression required for Congressional abrogation of Eleventh amendment immunity can be found in the Americans with Disabilities Act, which provides that "(a) State shall not be immune under the Eleventh Amendment to the Constitution of the United States from an action in (a) Federal or State court of competent jurisdiction for a violation of this chapter." 42 U.S.C. § 12202. Another example can be found in the Rehabilitation Act of 1973, which states " A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973." 42 U.S.C. 2000d-7.

Congress has not expressed the necessary unequivocal language necessary to abrogate Eleventh Amendment immunity in § 1981. Contrary to Plaintiff's argument, Courts have continued to hold, after 1991, that § 1981 claims against States are barred by Eleventh Amendment immunity. In 2000, the Sixth Circuit in *Johnson v. University of Cincinnati* stated "regarding Plaintiff's claims brought against Defendants pursuant to 42 U.S.C. § 1981...the University, as an arm of the State is immune from suit under the Eleventh Amendment because it

is well-settled that a plaintiff is precluded from directly suing a State in federal court on these claims. *Johnson v. University of Cincinnati*, 215 F.3d 561 (6th Cir. 2000).. For the aforementioned reasons, the claim against the MDOC cannot be heard in this Court, and must be dismissed.

**IV.     Conclusion**

Accordingly,

IT IS ORDERED that Michigan Department of Corrections' Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED.


Dated: October 31, 2007                                    s/ DENISE PAGE HOOD
                                                                            DENISE PAGE HOOD
                                                                            United States District Judge



I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2007, by electronic and/or ordinary mail.

                                                                            s/William F. Lewis
                                                                            Case Manager